UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADUGNA W. ASFAW
10 Manchester Place, Apt. 301
Silver Spring, MD 20901

    Plaintiff,

v.

CENTRAL PARKING SYSTEM OF
VIRGINIA, INC.
d/b/a CENTRAL PARKING SYSTEM
1225 I Street., N.W.
Washington, D.C. 20005

Serve:
Registered Agent
Corporation Service Company
1090 Vermont Ave., N.W.
Washington, D.C. 20005

    Defendant.

Civil Action No. _____

(Jury Demanded)

## COMPLAINT

### Parties

COMES NOW the Plaintiff, Adugna W. Asfaw, through his attorney, Nils G. Peterson, and for his Complaint against the Defendant, Central Parking System of Virginia, Inc. ("Central"), alleges as follows:

1. Plaintiff Asfaw is a resident of Maryland. Defendant employed Plaintiff in the District of Columbia.

2. Defendant Central is a Tennessee corporation registered to do business in the District of Columbia and has done business in the District of Columbia during all times material hereto.

### Jurisdiction

3. Jurisdiction of this action is conferred on this Court by §16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), (the "Act" or "FLSA") and pendent jurisdiction.

**COUNT I   FAILURE TO PAY PROPER OVERTIME**

4. At all times hereinafter mentioned, Defendant was engaged in the provision of parking services in the District of Columbia. The provision of such parking services directly affects interstate commerce and Defendant's employees are engaged in such interstate commerce. During the course of his employment Plaintiff affected interstate commerce by his actions.

5. From 2002 through December 2005, Defendant employed Plaintiff as a parking attendant.

6. Plaintiff's position was non-exempt under the FLSA.

7. Plaintiff worked hours over 40 per week. During his employment Plaintiff was not paid proper overtime for the work time spent over 40 hours.

8. On information and belief, Plaintiff worked weeks of over forty hours.

9. Defendant and executives employed by Defendant were aware that Plaintiff regularly performed such extra work.

10. Defendant condoned and benefitted from the performance of such extra work time over 40 hours per week.

11. Plaintiff was not properly compensated by Defendant for all the hours over forty per week he worked during the period of his employment.

12. Upon information and belief, Defendant knew of its duty and obligation to pay proper overtime wages for all the hours worked in excess of 40 hours per work week, and Defendant knowingly failed and refused to follow the lawful requirements. Defendant's

acts and omissions constitute wilful violations which entitle Plaintiff to liquidated damages for knowing violations.

13. During said time period, Plaintiff was not paid proper overtime for all hours worked in excess of 40 hours each work week, in wilful violation of §7 of the Act, 29 U.S.C. §207.

14. As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff has suffered damages since he has not received proper overtime. Plaintiff further seeks liquidated damages equal to the wages due but not paid as a result of Defendant's wilful failure to pay overtime in violation of §7 of the Act, 29 U.S.C. §207.

## COUNT II

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

15. Plaintiff restates and realleges paragraphs 1 to 14.

16. Plaintiff brings this action under the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. and the District of Columbia Family and Medical Leave Act DC Code 32-501 et seq ("FMLA").

17. Jurisdiction of this action is conferred on this Court by The Family and Medical Leave Act 29 U.S.C. 2617 and the District of Columbia Family and Medical Leave Act, D.C. Code 32-510 et seq..

18. Defendant, at all times relevant, employed 50 or more employees and is an employer within the meaning of 29 U.S.C. §2611(4) and D.C. Code 32-501 et seq.

19. Plaintiff is an eligible employee within the meaning of 29 U.S.C. §2611(2) and D.C. Code 32-516; he was employed full time by Defendant for four years.

20. In the course of his employment by Defendant, Plaintiff's

3

performance was satisfactory.

21. Plaintiff was injured on December 9, 2005 due to a work related accident where he slipped and fell while working. Plaintiff informed his manager of this accident and was taken to the hospital by his manager.

22. Plaintiff sought leave for his injuries sustained in the accident. Plaintiff was required to take pain medicine prescribed by his doctor and missed about 8 days work due to his injuries.

23. When plaintiff returned to work he was not able to resume his full duties because his injuries did not permit him to walk as much as prior to the accident and he informed his manager of his injuries and the need for further treatment.

24. Plaintiff was terminated on December 27, 2005 for vehicles being in the garage without proper parking tickets. Plaintiff's manager knew that Plaintiff could not travel to the lower levels of the garage where the vehicles without proper tickets were located because of the back injuries sustained by plaintiff in the December 9, 2005 fall.

25. The injuries sustained by Plaintiff in the accident of December 9, 2005 constitute a "serious health condition" under the FMLA.

26. Defendant fired Plaintiff causing a loss of income and benefits.

27. Defendant sought to discipline and terminated Plaintiff for having taken medical leave and in order to interfere with Plaintiff's rights to future medical leave under the FMLA.

28. Under the FMLA, Defendant was forbidden to interfere with Plaintiff's right to medical leave under the FMLA.

4

29. Plaintiff was terminated in violation of his rights under the FMLA.

30. The aforementioned acts of the Defendant are in violation of the Family and Medical Leave Act, 29 U.S.C. §2615 and the District of Columbia Family and Medical Leave Act.

31. Plaintiff alleges that Defendant unlawfully and discriminatorily terminated his employment and otherwise discriminated against him in violation of 29 U.S.C. §2615(a)(2) and the District of Columbia Family and Medical Leave Act because of his use of medical leave for serious medical conditions justifying an award, inter alia, of back pay, interest and any and all other damages that he is entitled to under law against Defendant.

32. Plaintiff alleges that Defendant unlawfully and discriminatorily denied Plaintiff's attempts to exercise his legal rights in violation of 29 U.S.C. §2615(a)(1) and the District of Columbia Family and Medical Leave Act because of his attempts to use medical leave, justifying an award, inter alia, of back pay, interest and any and all other damages that he is entitled to under law against Defendant.

WHEREFORE, Plaintiff prays that this Court exercise jurisdiction over his claim and award: (1) Full legal relief under the Federal and District of Columbia Family and Medical Leave Act, (2) damages to make the Plaintiff whole as before Defendant's actions, (3) prejudgment interest, (4) liquidated damages equal to the amounts awarded under (1), (2), and (3) as allowed by statute, (5) attorneys costs and fees as specifically provided in 29 U.S.C. §2617(a)(3) and the District of Columbia Code and (6) such additional relief, such as reinstatement and payment of improperly

denied benefits, as may be necessary and proper.

### COUNT III - RETALIATION UNDER D.C. CODE SECTION 32-1542

33. Plaintiff restates and realleges paragraphs 1-32.

34. After Plaintiff's workplace injury on December 9, 2005, Plaintiff asked his supervisor if he could be compensated for the time off from work associated with the December 9, 2005 injury.

35. Plaintiff was told by his manager that he could not be paid for the time off resulting from the workplace injury. Shortly after inquiring about compensation for the workplace injury, Plaintiff was terminated.

36. On information and belief, Plaintiff was terminated because he requested compensation for the time he missed from work because of the workplace injury in violation of D.C. Code 32-1542.

37. Plaintiff was terminated on December 27, 2005 in the District of Columbia.

38. Plaintiff has suffered damages because of the termination.

WHEREFORE, Plaintiff prays that this Honorable Court grant him judgment against the Defendant for the amount of unpaid overtime owed Plaintiff, and prejudgment interest thereon at the lawful rate, on the basis of Defendants' wilful violation of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., and award Plaintiff (1) an equal amount in liquidated damages, (2) reasonable attorneys' fees and costs of suit, and (3) such other and further relief as this Court deems equitable and just. In addition, Plaintiff seeks damages sustained by Plaintiff because of his retaliatory termination by Defendant for Plaintiff seeking compensation for his workplace injuries pursuant to, D.C. Code 32-

1542 and such further relief as is just and warranted incluing reinstatement.

JURY DEMANDED

Plaintiff hereby demands a jury on all issues triable by a jury.

                                  Adugna W. Asfaw
                                  By Counsel

*/s/ Nils Peterson*
Nils G. Peterson
DC Bar No. 295261
2009 N. 14th Street, #708
Arlington, VA  22201
703-527-9900

7