**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ADUGNA W. ASFAW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:06-CV-00641-EGS |
| | ) | |
| CENTRAL PARKING SYSTEM OF | ) | |
| VIRGINIA, INC. | ) | |
| d/b/a CENTRAL PARKING SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT LOCAL RULE 16.3 REPORT**

Pursuant to Local Rule 16.3(d) and the Court's May 23, 2006 Order, undersigned counsel hereby submit their joint written report in the above captioned case. The following constitutes the parties' positions with respect to each of the items set forth in Local Rule 16.3.

## I. Statement of the Case and Statutory Bases

**(1) Plaintiff's Statement**: Plaintiff brings this case based on: (1) failure to pay proper overtime (29 U.S.C. 201 et seq.); (2) termination after a workplace injury in violation of the Family and Medical Leave Act (29 U.S.C. 2601 et seq. and D.C. Code 32-501 et. seq.); and (3) retaliation against him for seeking compensation for a workplace injury (D.C. Code 32-1542).

**(2) Defendant's Statement**: Defendant denies that it failed to pay Plaintiff proper overtime. Defendant further states that it terminated Plaintiff after an audit of the garage at which he worked revealed vehicles without the required tickets or hang tags. Defendant had a legitimate business reason for terminating Plaintiff that had nothing to do with his alleged workplace injury, the federal or DC FMLA, or Plaintiff's purported attempted to seek compensation for a workplace injury.

**II.  Local Rule 16.3(c) Matters**

(1)      **Dispositive Motions**: There are no pending dispositive motions.  Defendant anticipates filing a motion for summary judgment and believes that Plaintiff's claims will be dismissed as a result.

(2)      **Joinder/Amendment of Pleadings:**  The parties do not anticipate joining any other parties.  The parties agree that pleadings should be amended by July 28, 2006 (thirty (30) days after the Initial Scheduling Conference).  At this time, the parties are not able to agree upon or narrow any factual or legal issues in this case.

(3)      **Assignment to Magistrate Judge:**  The case should not be assigned to a Magistrate Judge for all purposes.

(4)      **Possibility of Settlement:**  Both Plaintiff and Defendant are willing to explore settlement and believe that it is a possibility.

(5)      **Alternative Dispute Resolution:**  Both Plaintiff and Defendant believe that the case could benefit from the Court's alternative dispute resolution procedures and would like early mediation before a Magistrate Judge of the Court.

(6)      **Dispositive Motions:**  The parties agree that final dispositive motions should be filed by December 11, 2006 (thirty-one (31) days after the close of discovery), with oppositions, cross-motions and replies due in accordance with the Rules of Civil Procedure and the Local Rules of this Court.  The parties will defer to the Court regarding when the Court will decide any dispositive motions that have been filed.

(7)      **Initial Disclosures:**  The parties stipulate to dispense with the initial disclosure provisions of Rule 26(a)(1) of the Federal Rules of Civil Procedure.

(8)      **Extent of Discovery:**  The parties propose November 10, 2006 (135 days after the Initial Scheduling Conference) as the deadline for conducting discovery.  Other limitations

DC1 30168001.1

on discovery shall conform to the Local Rules of this Court and the Federal Rules of Civil

Procedure. Depending on the nature of the documents and information sought during discovery,

the parties may enter into a general protective order regarding confidential or proprietary

documents or information produced and/or disclosed in the course of the case.

(9)    **Expert Witness Reports:** The parties have agreed to the following schedule for

expert discovery: Plaintiff's Rule 26(a)(2) expert disclosures should be due on August 1, 2006;

Defendant's Rule 26(a)(2) expert disclosures should be due on September 1, 2006 (thirty-one

(31) days after Plaintiff's expert disclosures); the parties propose November 10, 2006 as the

deadline for conducting expert discovery, including depositions.

(10)    **Class Actions:** Not Applicable.

(11)    **Bifurcated Trial/Discovery:** The parties agree that, at this time, neither

discovery in this case nor trial should be bifurcated.

(12)    **Pretrial Conference Date:** The parties propose that a pretrial conference be held

sixty (60) days after the Court rules upon dispositive motions filed after the close of discovery, if

any. If no dispositive motions are filed, the parties propose that a pretrial conference be held

ninety (90) days after the close of discovery.

(13)    **Trial Date:** The parties agree that the trial date should be set at the pretrial

conference.

DC1 30168001.1

**(14)    Other Matters:**  None.


Respectfully Submitted,                          Respectfully Submitted,

ADUGNA W. ASFAW                              CENTRAL PARKING SYSTEM OF
                                             VIRGINIA, INC.


By:_____/s/_____             By_____/s/_____
Nils G. Peterson, Bar No. 295261             David M. Burns, Bar No. 466167
2009 North 14th Street, NW                   SEYFARTH SHAW LLP
Suite 708                                    815 Connecticut Avenue, N.W.
Arlington, VA 22201                          Suite 500
703-527-9900                                 Washington, DC  20006
703-522-1250 (facsimile)                     202-463-2400
                                             202-828-5393 (facsimile)

Attorney for Plaintiff
                                             Attorneys for Defendant
Dated:  June 13, 2006
                                             Dated:  June 13, 2005

DC1 30168001.1